■ EVA SEEGERS, Individually and as Parent and Natural Guardian of BRYAN SEEGERS, an Infant, Appellant, v SHIBLEY SUMMER DAY CAMP, INC., Respondent. [680 NYS2d 173] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated December 3, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that an employer will not be held vicariously liable for the actions of its employee which are outside the scope of employment and not in furtherance of the

employer's business (*see, Riviello v Waldron,* 47 NY2d 297, 302). Here, the defendant is not liable for the actions of its junior staff members in tying, gagging, and locking the infant plaintiff in a shed, as those acts were personally motivated, not within the scope of employment, and not in furtherance of camp business. Additionally, the defendant is not liable for the failure of the infant plaintiff's camp counselor to accompany the infant plaintiff to the shed, as that failure was not the proximate cause of the infant plaintiff's injuries. Finally, the defendant is not liable under a theory of negligent hiring, supervision, or training as the defendant had no notice of the employees' propensities for these acts (*see, Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, *cert denied* 522 US 967). O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.